| | | |
|---|---|---|
| **HOST AT TRADEPOINT, LLC** | * | IN THE |
| 150 West Main Street, Suite 1600 | | |
| Norfolk, VA 23510 | * | CIRCUIT COURT |
| | | |
| Plaintiff, | * | FOR |
| | | |
| v. | * | BALTIMORE CITY |
| | * | Case No. 24-C-22-001640 |
| **BEFESA ZINC US INC., (f/k/a** | * | |
| **AMERICAN ZINC RECYCLING CORP** | | |
| **SOLUTIONS,** | * | |
| 300 GSK Drive, Suite 201 | | |
| Moon Township, PA 15109 | * | |
| | | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Case# 24-C-22-001648
CV File New
                              $60.00
RIF-New Case
                              $30.00
Appear Fee
                              $20.00
TOTAL        $55.00
Receipt #202200006581
Cashier: LBC CCBCCIVIS
04/24/22  10:01am

### COMPLAINT

Plaintiff, Host at Tradepoint, LLC ("Host"), through counsel, brings this Complaint for declaratory judgment against Befesa Zinc US Inc. ("Befesa"), formerly known as American Zinc Recycling Corp., and states as follows:

### NATURE OF THE ACTION

1.     This is an action for a declaratory judgment pursuant to the pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 3-403, 3-406, and 3-409, and Maryland Rule 2-302 seeking a determination of Host's rights under the Termination and Release Agreement ("Release") between Host and Befesa regarding certain Zinc Calcine.

2.     Host provided stevedoring and terminal management services at the Trade Point Atlantic ("TPA") Terminal in Baltimore. This included the crushing and storage of zinc calcine. Host was authorized and required to perform "Inventory Reconciliation" and to determine the disposition of any inventory that was not allocated to any specific Customer.

3.     Host had a separate contractual relationship with zinc customers, including Befesa.

-1-

As part of Host's inventory reconciliation, Host and Befesa agreed that there were approximately 787 metric tons (MT) of zinc calcine as "total remaining inventory" that belonged to Befesa. Host and Befesa executed a mutual and general release. Then Host returned that zinc calcine to Befesa.

4.      There is approximately 3,600 MT of zinc calcine remaining at Tradepoint's facilities that is not allocated to any specific Customer. Despite agreement on "total remaining inventory" and the mutual release, Befesa has taken the position that this zinc calcine belongs to Befesa. It does not. Host seeks a speedy declaratory judgment establishing its rights in the zinc calcine such that it can take possession and dispose of it.

## PARTIES

5.      Host at Tradepoint, LLC is a Virginia limited liability company with its principal place of business at 150 West Main Street, Suite 1600, Norfolk, Virginia 23510.

6.      Defendant Befesa is a Delaware corporation with its principal place of business at 300 GSK Drive, Suite 201, Moon Township, PA 15109.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action under pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 3-403, 3-406, and 3-409.

8.      Venue is proper under Md. Code Ann., Cts. & Jud. Proc. § 6-201 because Defendant carries on regular business in Baltimore City and Baltimore City is where a substantial part of the actions giving rise to this action occurred—namely, Host's entering into the Termination and Release Agreement with Befesa and Befesa's alleged breach—occurred in Maryland.

9.      Venue is also proper in this Court because the parties agreed that "[a]ny legal suit, action, or proceeding… must be instituted in the federal courts of the United States of America or

the courts of the State of Maryland, and each Party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action, or proceeding." Ex. 3, ¶ 6(a).

## STATEMENT OF FACTS

10.     Host is a stevedoring and termination operations company.

11.     Host operated out of TPA from 2016 until 2021, providing stevedoring and terminal management services to TPA under a Terminal Services Agreement dated July 1, 2016 that was later amended on December 3, 2017.

12.     During this time, Host provided various services to commodity merchant traders, including transporting, processing, and inventory management of zinc calcine.

13.     Such commodity merchant traders included Concord Resources, Ltd. and Befesa.

14.     As part of good inventory management, Host attempted to ensure that all zinc calcine at the TPA Terminal was appropriately accounted for. This included assessing zinc calcine at the Terminal, weighing it, and working with customers to allocate any zinc calcine leftover from the prior stevedore and terminal operations company.

15.     For example, On September 18, 2017, Host and Concord Resources, Ltd., executed a mutual release, under which Host settled claims relating to 310.60 MT of zinc calcine. *See* Ex. 1. This 310.6 is among the approximately 3,600 MT of zinc calcine at the Terminal.

16.     Pertinent to this case, on January 11, 2018, Host and Befesa entered into a Services Agreement under which Host would provide services related to zinc calcine for Befesa, including transporting, processing, and inventory management.

17.     This Services Agreement was amended on August 8, 2018 ("First Amendment"), March 24, 2020 ("Second Amendment"), and February 16, 2021 ("Third Amendment").

18.     On March 6, 2021, TPA provided Host with a Notice of Termination of the

-3-

Terminal Services Agreement.

19.     On June 30, 2021, Host and TPA executed a Termination and Transition Agreement, under which Host and TPA terminated their arrangement and agreed to the terms for a transition of inventory and services. Ex. 2.

20.     Under that Termination and Transition Agreement, it was "Host's responsibility to determine the disposition of any inventory that is not allocated to any specific Customer." The term "inventory" includes "(i) products, materials, and the like being shipped by or to Customers; and (ii) products, materials, and the like that are under the care, custody, or within the control of Host or one or more of Host's affiliates or Subcontractors, whether stored at the Terminal, on adjacent property that is licensed or rented by others, or elsewhere, or that is in transit, in each case, prior to the Effective Time of Termination." Ex. 2, ¶ 5.5.

21.     Per that Termination and Transition Agreement, "TPA agrees that it shall not have any independent right under the Terminal Services Agreement to assert inventory reconciliation claims against Host, and that TPA 's right to defense and indemnification for inventory reconciliation claims by Customers under this Section 5.5 shall be the sole and exclusive basis for any such inventory reconciliation claims by TPA." Ex. 2, ¶ 5.5.

22.     On October 18, 2021, Host and Befesa executed a Termination and Release Agreement. See Ex. 3.

23.     Under that Agreement, Befesa was to retain control over, and liability for, the following quantities of zinc calcine identified in Paragraph 2 as being located in Shed No. 1 at TPA Sparrow Point: Zinc Calcine: 301.077MT and Zinc Calcine-Nut: 486.714MT ("Befesa Shed 1 Zinc Calcine"). See Ex. 3, ¶¶ 2-3. Befesa did not retain an interest in any other zinc calcine on the TPA premises. *Id.*

24.     There exists approximately 3,600 mt of zinc calcine on TPA premises separate and apart from the Befesa Shed 1 Zinc Calcine ("Remaining Zinc Calcine").

25.     Under the October 18, 2021 Termination and Release Agreement, Host is entitled to take control of the Remaining Zinc Calcine.

26.     Host has sought acknowledgement from Befesa that Host is entitled to take control of the Remaining Zinc Calcine.

27.     Befesa has refused to acknowledge Host's rights.

**COUNT I**
**(Declaratory Judgment—Ownership of Remaining Zinc Calcine**

28.     Host and incorporates herein the allegations contained in all other paragraphs of this Complaint.

29.     An actual controversy exists as to whether Host is entitled to take control over the Remaining Zinc Calcine.

30.     A declaration is necessary to determine whether Host is entitled to possess and take any and all reasonable business actions with respect to the Remaining Zinc Calcine.

31.     Pursuant to the Termination and Release Agreement, Befesa has no claim to any zinc calcine other than the quantities of zinc calcine identified in Paragraph 23.

32.     Pursuant to the Termination and Transition Agreement, TPA has no claim to any zinc calcine.

33.     Host is the only entity with a claim to the Remaining Zinc Calcine.

34.     Host seeks judgment from the Court pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 3-403, 3-406, and 3-409 declaring that Host holds title to the Remaining Zinc Calcine and is entitled to take possession and dispose of it as Host sees fit.

### PRAYER FOR RELIEF

WHEREFORE, Host requests judgment in its favor:

A.   Declaring that Host has title to the Remaining Zinc Calcine;

B.   Declaring that Host is entitled to take possession of the Remaining Zinc Calcine;

and

C.   Granting such other and further relief as the Court deems just and proper.


Dated:  April 1, 2022                    Respectfully submitted,


                                         VENABLE LLP
                                         Ashleigh J. F. Lynn (CPF # 1012150201)
                                         750 East Pratt Street, Suite 900
                                         Baltimore, Maryland 21224
                                         Tel: (410) 244-7400
                                         Fax: (410) 244-7742
                                         AJLynn@Venable.com

                                         Nicholas M. DePalma (subject to admission *pro hac vice*)
                                         Venable LLP
                                         8010 Towers Crescent Drive, Suite 300
                                         Tysons, VA 22182
                                         Tel: 703-905-1455
                                         Fax: 703-821-8949
                                         NMDePalma@Venable.com

                                         *Attorneys for Plaintiff*