IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Host at Tradepoint, LLC**<br><br>　　*Host*,<br><br>v.<br><br>**Befesa Zinc US Inc., et al.**<br><br>　　Defendant. | Civil Action No. 22-cv-01104-JRR |

| | |
|---|---|
| **Tradepoint Atlantic, LLC**<br><br>　　*Host*,<br><br>v.<br><br>**Befesa Zinc US Inc., et al.**<br><br>　　Defendant. | Civil Action No. 22-cv-00847-RDB |

## DEFENDANT'S MOTION FOR CONSOLIDATION

Defendant Befesa Zinc US Inc. ("Befesa"), by and through its attorneys K&L Gates LLP, respectfully requests that this Court consolidate the captioned action—filed by Host at Tradepoint, LLC ("Host") (the "Host Action")—with a second case pending in this Court, an interpleader complaint filed by Tradepoint Atlantic LLC ("Tradepoint") against Befesa, Host, and other defendants captioned *Tradepoint Atlantic, LLC v. Befesa Zinc US Inc., et al.*, Case No. 22-cv-00847 (the "Tradepoint Action," and together with the Host Action, the "Zinc Calcine Actions").

### INTRODUCTION

Befesa seeks to consolidate the Zinc Calcine Actions for purposes of judicial economy, to avoid duplication of efforts and the risk of inconsistent judgments. Specifically, both the Host

1

Action and the Tradepoint Action seek declaratory relief relating to ownership of the same approximately 3,600 metric tons of zinc calcine (the "Additional Zinc Calcine") that is currently located at Tradepoint's industrial facility in Sparrows Point, Maryland (the "Terminal"). Further, both the Host Action and the Tradepoint Action involve nearly identical parties and present substantially identical issues of fact and law. The Zinc Calcine Actions therefore can, and should, be efficiently resolved in a single proceeding.

Indeed, there is no reason for the Host and Tradepoint Actions to proceed separately. Both Actions are in their infancy, with pleadings filed but no discovery to date. There is thus no prejudice to any party—in either Action—to consolidating the Host Action with the Tradepoint Action. To that end, Befesa is not aware of any objection to consolidation by any of the parties in the Host Action or the Tradepoint Action.

In short, consolidation of the Zinc Calcine Actions would avoid duplication of effort and conserve Court resources related to all procedural and substantive matters. Consolidation is thus warranted under Federal Rule of Civil Procedure 42(a). Accordingly, Befesa respectfully requests that the Zinc Calcine Actions be consolidated for all purposes going forward.

## PROCEDURAL AND FACTUAL BACKGROUND

On or about April 1, 2022, Host filed a complaint against Befesa in the Circuit Court for Baltimore City, Maryland. *See* ECF No. 2. Befesa was served with the Host Complaint on April 8, 2022, and timely removed the Host Action to this Court on May 6, 2022. *See* ECF No. 1. Befesa answered the complaint in the Host Action and filed a Counterclaim against Host on May 13, 2022. *See* ECF No. 7. As the pleadings make clear, the Host Action is a dispute between Befesa and Host over which party is the proper owner of the Additional Zinc Calcine currently located at the Terminal. *See* ECF No. 2, ¶¶ 24-34; *see* ECF No. 7, ¶¶ 27-42.

Meanwhile, on or about April 7, 2022, Tradepoint filed an interpleader complaint in the Tradepoint Action against Befesa and other defendants, including Host, seeking this Court's determination as to who rightfully owns ***the very same 3,600 metric tons of zinc calcine that is the subject of the Host Action***, i.e., the Additional Zinc Calcine currently located at the Terminal. *See* Ex. 1, ¶¶ 33-36.

Five of the named defendants in the Tradepoint Action have since been dismissed. *See* Exs. 2, 3, 4, 5, 6. To the best of Befesa's knowledge, Host and Befesa are the only parties who are asserting a claim to the Additional Zinc Calcine currently located at the Terminal.

Befesa answered the interpleader complaint in the Tradepoint Action on May 13, 2022. *See* Ex. 7. In filing its answer to the Tradepoint Action, Host asserted a Crossclaim (the "Crossclaim") against Befesa that is nearly identical to the claims that Host asserts against Befesa in the Host Action. *See* Ex. 8.

In short, both the Host and Tradepoint Actions arise from a dispute over the same product, *i.e.*, the Additional Zinc Calcine currently located at Tradepoint's Terminal. Briefly, the background of this Additional Zinc Calcine—and the dispute over it—is as follows:[1]

Befesa is the sole manufacturer of zinc calcine in both the United States and Canada. On or about January 11, 2018, Host and Befesa entered into an agreement for certain services that Host would provide to Befesa at the Terminal. Among other things, Befesa would ship the zinc calcine it manufactured at its plant in Palmerton, Pennsylvania to the Terminal. The zinc calcine was stored in "Shed 1" at the Terminal. To the best of Befesa's knowledge, no other individuals or entities stored anything in Shed 1 from January 2018 until December 31, 2021.

---

[1] All facts are taken from Befesa's Answer and Counterclaim, dated May 13, 2022, filed in this Host Action. *See* ECF No. 7.

In the second half of 2021, Befesa learned that Host and Tradepoint were terminating their agreement and that Befesa would have to remove its product from the Terminal by the end of 2021. In October 2021, Befesa and Host negotiated the termination of their 2018 services agreement. Host expressed, multiple times both verbally and in writing, that *all* remaining zinc calcine in the Terminal consisted of roughly 787 metric tons of zinc calcine located in Shed 1. Host and Befesa then signed a termination agreement on October 18, 2021 and Befesa took ownership of the 787 metric tons of zinc calcine that Host had identified to Befesa.

In November 2021, Befesa, through two of its customers, learned of an additional pile of zinc calcine totaling approximately 3,600 metric tons in Shed 1, specifically the Additional Zinc Calcine at issue in both the Host Action and the Tradepoint Action.[2] Befesa and Host negotiated over the Additional Zinc Calcine through December 31, 2021 but were unable to come to an agreement. The Additional Zinc Calcine remains in Shed 1 at the Terminal.

**ARGUMENT**

Federal Rule of Civil Procedure 42(a) grants broad discretion to a court to consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *see also Eric Ins. Co. v. Bluegrass Materials Co.*, LLC, No. JKB-21-02562, 2022 WL 562937, at *3 (D. Md. Feb. 24, 2022). A court "must consider the interest of judicial economy as well as the interest of the parties in a fair and impartial procedure." *Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v. Emergent Biosolutions Inc.,* No. PWG-21-1189, 2021 WL 6072812, at *3 (D. Md. Dec. 23, 2021) quoting *MicroStrategy, Inc. Secs. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000).

---

[2] Upon inspection by Befesa representatives in a visit to Shed 1 in December 2021, the Additional Zinc Calcine matched material made by Befesa at its Palmerton plant, which is only natural considering Befesa is the only manufacturer of zinc calcine in the United States and Canada.

"The critical question for the district court in the final analysis is whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). Cases that are "brought against the same defendant, rely[ ] on the same witnesses, alleg[e] the same misconduct, and answer[ ] with the same defenses" are eligible for consolidation under Rule 42(a). *Jones v. Prosper Marketplace, Inc.*, No. GJH-21-1126, 2022 WL 834210, at *5 (D. Md. Mar. 21, 2022) quoting *Harris v. L & L Wings, Inc.*, 132 F.3d 978, 981 n.2 (4th Cir. 1997).

Here, the Host Action and the Tradepoint Action involve not only "common" issues of law and fact, but essentially *identical* issues of law and fact. Host's Crossclaim in the Tradepoint Action against Befesa is nearly identical to its complaint in the Host Action, down to the paragraph. Both the Crossclaim in the Tradepoint Action and Host's complaint in the Host Action involve the same property (the Additional Zinc Calcine), located in the same place (Shed 1 at the Terminal). And they both rest on the same legal arguments (interpretation of the termination agreement that Befesa and Host signed in October 2021) and the same causes of action (declaratory judgment).

To be sure, Host added a breach of contract claim against Befesa to its Crossclaim in the Tradepoint Action. But Host alleges that the contract at issue—again, the termination agreement signed by Host and Befesa—determines the ownership of the Additional Zinc Calcine.[3]

---

[3] Befesa denies, and by including them here does not in any way concede, the veracity or validity of Host's allegations. Rather, such allegations are included solely as an example of the continuity of identity of issues in the Host and Tradepoint Actions for purposes of establishing that consolidation is warranted under Fed. R. Civ. P. 42(a).

Given that ownership of the Additional Zinc Calcine is the central, if not only, issue in both the Host Action and the Tradepoint Action, resolution of both Actions will involve the same facts, the same witnesses, the same discovery, and determination of the same legal issues.  Indeed, even the same attorneys are representing both Host and Befesa, respectively, in the Zinc Calcine Actions.  *See Erie Ins. Co. v. Bluegrass Materials Co., LLC*, No. CV JKB-21-02562, 2022 WL 562937, at *3 (D. Md. Feb. 24, 2022) (consolidating cases where the parties were represented by the same attorneys and where "the cases will involve overlapping and duplicative witnesses and discovery").

Consolidating the Host Action into the Tradepoint Action is the best approach for purposes of judicial economy, because the Tradepoint Action was the first one filed in federal court and is marginally further along in the litigation process than the Host Action.  *See Erie Ins. Co. v. Bluegrass Materials Co., LLC*, No. CV JKB-21-02562, 2022 WL 562937, at *3 (D. Md. Feb. 24, 2022) ("Given the early stage of both cases, consolidation provides an opportunity for considerable time and cost savings by reducing the need for overlapping discovery.").  Consolidating the Host Action into the Tradepoint Action is further appropriate because the Tradepoint Action arises under the federal interpleader and maritime statutes, which determine the Court's jurisdiction over the Additional Zinc Calcine at issue, as well as the question of who owns that Calcine here.

In sum, consolidating the Zinc Calcine Actions would facilitate the administration of justice and prevent duplication of efforts by the parties and this Court.  Further, consolidation would prevent inconsistent results that could result from the separate administration of these matters.  Befesa does not anticipate there will be any confusion, prejudice, or delay as a result of consolidating the Zinc Calcine Actions, and certainly none that would outweigh the judicial economy gained through consolidation.  Indeed, consolidating the Zinc Calcine Actions would

lessen any confusion generated by the fact that both Actions ultimately turn on the same issue—who owns the Additional Zinc Calcine currently located at the Terminal.

Consolidation would obviate the need for duplicate proceedings on two Actions involving substantially identical legal and factual issues.  For all these reasons, Befesa respectfully submits that consolidation of the Host Action and the Tradepoint Action is appropriate pursuant to Rule 42(a).

## CONCLUSION

WHEREFORE, for the forgoing reasons, Befesa respectfully requests that this Court enter an Order: (i) pursuant to Rule 42(a), consolidating the Host Action into the Tradepoint Action; and (ii) granting such other and further relief as the Court deems just and proper.

Dated:  June 6, 2022

By: */s/ Brian D. Koosed*
Brian D. Koosed (Bar No. 20779)
Meghan E. Flinn (Bar No. 20243)
**K&L GATES LLP**
1601 K Street, NW
Washington, DC  20006
Phone:   (202) 778-9000
Fax:       (202) 778-9100
Brian.koosed@klgates.com
Meghan.flinn@klgates.com

*Attorneys for Defendant*
*Befesa Zinc US Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion for Consolidation was filed with the Court via CM/ECF, this 6th day of June, 2022, which will serve all counsel of record.

June 6, 2022

By: */s/* Brian D. Koosed
Brian D. Koosed (Bar No. 20779)
Meghan E. Flinn (Bar No. 20243)
**K&L GATES LLP**
1601 K Street, NW
Washington, DC  20006
Phone:   (202) 778-9000
Fax:     (202) 778-9100
Brian.koosed@klgates.com
Meghan.flinn@klgates.com

*Attorneys for Defendant
Befesa Zinc US Inc.*